Donald Rice, Esq.
LAW OFFICE OF DONALD RICE
7108 Lenburg Road
Portage, Indiana  46368

Tel: 219  762-771
drice.law@verizon.net

Attorneys for Plaintiff
Garden City Boxing Club, Inc.



2006 SEP 12 PM 3: 21

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Garden City Boxing Club, Inc., | Case No. 1:06-cv-1355-SEB-VSS |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **DESIGNATION: PROPERTY RIGHTS** |
| Glen Robinson, individually and d/b/a Hog Wild Saloon, | |
| Defendant. | |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.  Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, et seq.

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendants wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Indiana.

## VENUE

4. Pursuant to 47 U.S.C. Section 605, venue is proper in the Southern District of Indiana, Evansville Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Evansville Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Vanderburgh County.

## THE PARTIES

6. The Plaintiff, Garden City Boxing Club, Inc., is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

7. Plaintiff is informed and believes, and alleges thereon that defendant, Glen Robinson, an individual d/b/a Hog Wild Saloon is a business entity, the exact nature of which is unknown, having its principal place of business at 4920 Bellemeade Avenue, Evansville, Indiana 47715.

8. Plaintiff is informed and believes, and alleges thereon that defendant, Glen Robinson, is an individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of Hog Wild Saloon, a business entity of an unknown nature.

## COUNT I

### (Violation of 47 U.S.C. Section 605)

9. Plaintiff Garden City Boxing Club, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10. By contract, Plaintiff Garden City Boxing Club, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to *Oscar De La Hoya v. Shane Mosley II Super Welterweight Championship Fight Program* which took place on September 13, 2003, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

11. Pursuant to contract, Plaintiff Garden City Boxing Club, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Indiana, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

12. As a commercial distributor of sporting events, including the Program, Plaintiff Garden City Boxing Club, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

13. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said

unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff Garden City Boxing Club, Inc., had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

16. By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff Garden City Boxing Club, Inc., has the private right of action pursuant to 47 U.S.C. Section 605.

17. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Garden City Boxing Club, Inc., is entitled to the following from each defendant:

    (a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), and also

    (b) the recovery of full costs, including reasonable attorneys fees, pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

*WHEREFORE*, Plaintiff prays for judgment as set forth below.

## COUNT II
### (Violation of 47 U.S.C. Section 553)

18. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above named defendants are prohibited by 47 U.S.C. Section 553 et seq.

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, et seq.

21. By reason of the defendants' violation of 47 U.S.C. Section 553, et seq., Plaintiff Garden City Boxing Club, Inc., has the private right of action pursuant to 47 U.S.C. Section 553.

22. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff Garden City Boxing Club, Inc., is entitled to the following from each defendant:

   (a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to 47 U.S.C. 553 (b)(2) and also

   (b) the recovery of full costs pursuant to 47 U.S.C. Section 553 (c)(2)(C), and also

   (c) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to 47 U.S.C. Section 553 (c)(2)(C).

*WHEREFORE*, plaintiff prays for judgment as set forth below.

## COUNT III
### (Conversion)

23. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of each the defendants were willful, malicious, and intentionally designed to harm Plaintiff Garden City Boxing Club, Inc., and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff Garden City Boxing Club, Inc., is entitled to both compensatory, as well as punitive damages, from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

*WHEREFORE*, Plaintiff prays for judgment as set forth below.

**As to the First Count:**

1. For statutory damages in the amount of $100,000.00 against defendants, and each of them, and
2. For reasonable attorney fees pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against defendants, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against defendants, and each of them, and;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

LAW OFFICE OF DONALD RICE

Dated: 09-11-06

By: Donald Rice Esquire
Attorneys for Plaintiff
Garden City Boxing Club, Inc.

Donald Rice
LAW OFFICES OF DONALD RICE
7108 Lenburg Road
Portage, Indiana  46368
Phone: (219) 762-7711
I.D. 6043-64